IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**GUY WAMSLEY,**

    **Plaintiff,**

v.                                                 Case No. 3:20-cv-00663

**PRIME CARE/MEDICAL STAFF,**

    **Defendants.**

### MEMORANDUM OPINION AND ORDER

Pending before the Court are Plaintiff's Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 1), and his complaint, (ECF No. 2). In keeping with 28 U.S.C. § 1915(e)(2), the undersigned has conducted a preliminary review of the complaint to determine if the action is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Although *pro se* complaints, such as the one filed in this case, must be liberally construed to allow the development of potentially meritorious claims, the court may not rewrite the pleading to include claims that were never presented, *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), develop the plaintiff's legal theories for him, *Small v. Endicott,* 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985). At the same time, to achieve justice, the court may allow a *pro se* plaintiff the opportunity to amend his complaint in order to correct deficiencies in the pleading. *Gordon v. Leeke,*

1

574 F.2d 1147, 1151 (4th Cir. 1978).

Plaintiff alleges that his cellmate at the Western Regional Jail and Correctional Facility ("WRJ"), Walter Murphy, has been refused medical treatment by Prime Care. (ECF No. 2 at 4). Plaintiff asserts that Mr. Murphy is required to change his colostomy bag in the cell he shares with Plaintiff, and that on one occasion, Prime Care left Plaintiff and Mr. Murphy in their cell without assistance for hours after Mr. Murphy's colostomy bag had ruptured. (*Id.* at 4–5). According to Plaintiff, Mr. Murphy's inadequate medical care is unsanitary and has caused Plaintiff to lose his appetite and lose weight. (*Id.*). He seeks $82,000 in damages for pain and suffering and mental anguish, as well as an apology letter. (*Id.* at 5). As explained below, in its current form, Plaintiff's complaint fails to state a claim that can survive initial review.

Construing Plaintiff's claim liberally, he challenges the constitutionality of the conditions in which he is confined at WRJ. Such a challenge is properly brought in an action pursuant to 42 U.S.C. § 1983. *See, e.g.*, *Chico v. Godinez*, No. 14-CV-00053-MJR, 2014 WL 1775513 (S.D. Ill. May 2, 2014) (ruling on an inmate's § 1983 challenge to constitutionality of conditions when plaintiff was housed with a cellmate who used a colostomy bag); *Martin v. Seal*, No. CIV.A. 11-726-DEK, 2012 WL 85505, at *6 (E.D. La. Jan. 11, 2012) (considering an inmate's § 1983 challenge when his assigned cellmate had a foul odor), *rev'd on other grounds*, 510 F. App'x 309 (5th Cir. 2013).

Title 42 U.S.C. § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." *See Monell v. Dep't of Social Services*, 436 U.S. 658, 685 (1978) (noting that § 1983 provides a "broad remedy for violations of federally protected civil rights"). Generally speaking, to state and prevail upon a claim under 42 U.S.C. § 1983, a Plaintiff must prove that (1) ***a person***

acting under color of State law (2) committed an act which deprived him of an alleged right, privilege or immunity protected by the Constitution or laws of the United States.

In this case, Plaintiff is suing Prime Care, or PrimeCare Medical, Inc., a private company providing medical services at the WRJ. Typically, plaintiffs are required to sue *individuals* in cases brought pursuant to § 1983, but this court has recognized that Prime Care is a "person" for the purposes of § 1983. *Kinder v. PrimeCare Medical, Inc.*, 2015 WL 1276748, *9 (S.D.W. Va. March 19, 2015). Furthermore, a private entity—like Prime Care—that contracts with the State to provide medical services acts "under color of state law." *West v. Atkins*, 487 U.S. 42 (1998). To state a claim against Prime Care, Plaintiff must show that Prime Care acted personally in the deprivation of Plaintiff's rights by demonstrating that an official policy or custom of the corporation caused the deprivation of his rights. *Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 728 (4th Cir. 1999) ("[A] private corporation is liable under § 1983 *only* when the official policy or custom of the corporation causes the alleged deprivation of federal rights.").

In addition to the legal principles set forth above, Plaintiff's claim is governed by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e. The PLRA expressly prohibits the filing of civil actions by prisoners "confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody **without a prior showing of physical injury**." 42 U.S.C. § 1997e(e) (emphasis added). Although the PLRA does not define "physical injury" and the Fourth Circuit has not provided a definition, other courts have held that the "physical injury" referenced by the Act need not be significant, but it must be more than *de minimis*. *See, e.g., Flanory v. Bonn,* 604 F.3d 249, 254 (6th Cir. 2010); *Mitchell v. Brown & Williamson Tobacco Corp.,* 294 F.3d 1309, 1312–13 (11th Cir. 2002); *Siglar v. Hightower,* 112 F.3d 191 (5th Cir. 1997); *Zehner v.*

*Trigg,* 952 F. Supp. 1318 (S.D. Ind. 1997). In addition, "[a] plaintiff seeking compensatory damages for emotional distress cannot rely on conclusory statements that the plaintiff suffered emotional distress [or] the mere fact that a constitutional violation occurred, but, rather, the testimony must establish that the plaintiff suffered demonstrable emotional distress, which must be sufficiently articulated." *Knussman v. Maryland*, 272 F.3d 625, 640 (4th Cir. 2001) (quoting *Price v. City of Charlotte*, 93 F.3d 1241, 1254 (4th Cir. 1996)) (internal quotation marks omitted).

Further, under the PLRA, Plaintiff must exhaust his administrative remedies—in this case, by using the WRJ's grievance procedure to seek relief—before he can challenge the conditions of his confinement in a federal lawsuit. 42 U.S.C. § 1997e(a). ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). The only exception to exhaustion is when administrative remedies are "unavailable" to an inmate. *Ross v. Blake,* 136 S. Ct. 1850, 1858 (2016). There are "three kinds of circumstances in which an administrative remedy, although officially on the books, is not capable of use to obtain relief;" and thus is unavailable. *Id.* at 1859. First, "an administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide relief to aggrieved inmates." *Id.* Second, an administrative process is likewise unavailable when it is "so opaque" that "no ordinary prisoner can discern or navigate it." *Id.* Finally, an inmate need not exhaust administrative remedies when prison officials thwart the inmate's access to the grievance procedure "through machination, misrepresentation, or intimidation." *Id.* at 1860. "[S]uch interference with an inmate's pursuit of relief renders

4

the administrative process unavailable." *Id.*

Generally, exhaustion need not be alleged by the plaintiff, but is instead "an affirmative defense that should be pleaded or otherwise properly raised by the defendant." *Anderson v. XYZ Correctional Health Services, Inc.,* 407 F.3d 674, 681 (4th Cir. 2005). Nonetheless, the fact that exhaustion is an affirmative defense "does not foreclose in all cases the possibility of a *sua sponte* dismissal on exhaustion grounds." *Id.* In the rare instance when the face of a complaint clearly demonstrates a prisoner's failure to exhaust administrative remedies, *sua sponte* dismissal on that ground is appropriate. *Anderson,* 407 F.3d at 682 (citing *Nasim v. Warden,* 64 F.3d 951 (4th Cir. 1995)). When exhaustion is not clear on the face of the complaint, a district court may still *sua sponte* raise that affirmative defense but may not dismiss the complaint on that ground without first giving the plaintiff an opportunity to respond. *Id.* at 682-83.

Therefore, in order for Plaintiff's complaint to survive the review, he must amend the complaint to add the following:

1. Plaintiff acknowledged in his complaint that a prisoner grievance procedure is available at the WRJ. However, he failed to indicate whether he has sought an administrative remedy through that procedure. Plaintiff should amend his complaint to confirm that he has sought remedy through the grievance procedure, or explain why and how the grievance procedure is unavailable to him.

2. Plaintiff must provide factual information concerning any physical injury he has sustained which would allow his claims for damages for mental distress under § 1983 to proceed. For example, Plaintiff claims to have lost weight due to the conditions in his cell, but he fails to provide any factual allegations to support that statement (i.e. the amount of weight he has lost over the specific period of time). Therefore, Plaintiff must amend the

complaint to provide details of any physical injury he has suffered.

3. Plaintiff should provide a description of the official policy or custom he believes Prime Care is following that has resulted in the alleged violations.

4. Plaintiff may add additional defendants if he wishes to claim that a specific person (or persons) acting under color of state law violated his federal civil or constitutional rights and state precisely what civil or constitutional right each individual violated. If Plaintiff is unaware of the names of the relevant individuals, he shall designate in the case caption each individual whose name is unknown as a John Doe or Jane Doe (e.g. Correctional Officer John Doe; Nurse Jane Doe) **and shall further identify** each individual in the body of the complaint by description, date/time of contact, alleged act, or in some other manner that assists the court in determining the identity and number of individual defendants in the action, as well as the specific reason that each individual defendant is included in the complaint. To the extent Plaintiff knows partial names, he shall include those parts (e.g. Correctional Officer Thomas LKU ('last name unknown")). *See, e.g.*, *Tart v. Hovis*, No. 5:17-CT-3252-BO, 2020 WL 465325, (E.D.N.C. Jan. 28, 2020), *aff'd*, 811 F. App'x 844 (4th Cir. 2020).

Therefore, Plaintiff is **ORDERED** to amend his complaint within **forty-five (45) days** and cure the deficiencies discussed above. **Plaintiff is hereby given notice** that a failure to amend the complaint as ordered may result in a recommendation that the complaint be dismissed for failure to state a claim under 42 U.S.C. § 1983 and/or for failure to prosecute under Fed. R. Civ. P. 41 and L. R. Civ. P. 41.1. Plaintiff's Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 1), shall be held in abeyance pending initial review of Plaintiff's amended complaint, or pending other further proceedings in this case.

If after considering the issues, Plaintiff wishes to voluntarily dismiss the pending action, he shall file a Motion for Voluntary Dismissal with the Clerk of Court, explaining that he currently does not wish to prosecute the matter. **Plaintiff is also reminded** of his obligation to promptly notify the Clerk of Court of any change in his contact information.

The Clerk is instructed to provide a copy of this order to Plaintiff.

          **ENTERED:** November 18, 2020

          _____
          Cheryl A. Eifert
          United States Magistrate Judge