IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

GUY WAMSLEY,

                Plaintiff,

v.                                CIVIL ACTION NO. 3:20-cv-00663

PRIMECARE/MEDICAL STAFF,

                Defendant.

**PROPOSED FINDINGS & RECOMMENDATION**

This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 16.) Before this Court is the amended motion to dismiss and alternative motion for summary judgment filed by Defendant PrimeCare Medical of West Virginia, Inc. ("Defendant"). (ECF No. 13.) For the reasons explained more fully herein, it is respectfully **RECOMMENDED** that Defendant's motion be **GRANTED**.

*I.    BACKGROUND*

Plaintiff Guy Wamsley ("Plaintiff") presumably brings this action against Defendant pursuant to 42 U.S.C. § 1983,[1] alleging that Defendant "has refused" his

---

[1] Neither Plaintiff's initial complaint filed on October 8, 2020 (ECF No. 2) nor his operative amended complaint filed on December 2, 2020 (ECF No. 5) specifies the legal basis for his claim against Defendant. However, in instructing Plaintiff to amend his complaint to be more specific about his allegations, United States Magistrate Judge Cheryl A. Eifert liberally construed Plaintiff's allegations to plead a 42 U.S.C. § 1983 claim based on a violation of the Eighth Amendment to the federal Constitution. (ECF No. 4 at 2.) Plaintiff has not challenged this characterization of his allegations, so the undersigned likewise assumes that he intends to bring an Eighth Amendment § 1983 claim against Defendant.

cellmate, who wears a colostomy bag, "medical treatment several times" and "makes [the cellmate] change his c[o]lostomy bag in the same cell [Plaintiff] is housed in . . . which is unsanitary" and has caused Plaintiff "to lose [his] app[e]tite and lose weight." (ECF No. 5 at 1.) He also alleges that his "mental state is also [a]ffected because of [him] having to witness another man take care of his medical needs." (*Id.*)

Defendant filed its amended motion to dismiss and alternative motion for summary judgment[2] on February 22, 2021. (ECF No. 13.) Although he filed a letter-form motion asking for an extension of time to respond to the motion to dismiss (ECF No. 24) and was given an additional two weeks to file a response (ECF No. 25), Plaintiff has not, to date, responded to Defendant's motion. Generally, when a party is given an opportunity to respond to a motion but fails to do so, this Court may proceed "to rule on the [opposing party's] motion and dismiss [the] suit on the uncontroverted bases asserted therein." *Pueschel v. United States*, 369 F.3d 345, 354 (4th Cir. 2004).

## II.　LEGAL STANDARD

Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is material when it 'might affect the outcome of the suit under the governing law.'" *Strothers v. City of Laurel*, 895 F.3d 317, 326 (4th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "A

---

2 Where, as here, a movant presents information outside the pleadings in support of a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, this Court may either exclude the information or treat the motion as one for summary judgment pursuant to Federal Rule of Civil Procedure 56. Fed. R. Civ. P. 12(d). Plaintiff was notified, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), of his right and obligation to respond to Defendant's motion to dismiss and alternative motion for summary judgment and was further notified that his "failure to respond . . . may result in entry of summary judgment denying the relief sought in the Complaint and dismissing the suit." (ECF No. 22 at 2.) In light of this notice, the undersigned has treated Defendant's motion as a motion for summary judgment and has considered the evidence provided by Defendant in support of that motion.

genuine dispute arises when 'the evidence is such that a reasonable jury could return a verdict for the non-moving party.'" *Id.* (quoting *Anderson*, 477 U.S. at 248). "Thus, at the summary judgment phase, the pertinent inquiry is whether there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Variety Stores, Inc. v. Wal-Mart Stores, Inc.*, 888 F.3d 651, 659 (4th Cir. 2018) (alteration and internal quotation marks omitted).

"The burden is on the nonmoving party to show that there is a genuine issue of material fact for trial . . . by offering 'sufficient proof in the form of admissible evidence' . . . ." *Guessous v. Fairview Prop. Invs., LLC*, 828 F.3d 208, 216 (4th Cir. 2016). In ruling on a motion for summary judgment, this Court "view[s] the facts and all justifiable inferences arising therefrom in the light most favorable to the nonmoving party." *Jones v. Chandrasuwan*, 820 F.3d 685, 691 (4th Cir. 2016) (quoting *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 312 (4th Cir. 2013)).

### III. ANALYSIS

Defendant argues that it is entitled to summary judgment because Plaintiff failed to exhaust his administrative remedies before filing this action, he has not shown that he suffered a physical injury, and he has not shown that Defendant acted pursuant to an official policy or custom with regard to the alleged Eighth Amendment violation. (ECF No. 14 at 3–9.) Each of these reasons merits summary judgment in Defendant's favor.

A. *Plaintiff failed to properly exhaust his administrative remedies prior to bringing this action.*

When, as here, an incarcerated prisoner seeks to bring a 42 U.S.C. § 1983 action regarding "prison conditions," he must first exhaust his available administrative remedies. 42 U.S.C. § 1997e(a); *Ross v. Blake*, 136 S. Ct. 1850, 1856 (2016) ("An inmate

'shall' bring 'no action' (or said more conversationally, may not bring any action) absent exhaustion of available administrative remedies." (citing *Woodford v. Ngo*, 548 U.S. 81, 85 (2006))). The administrative "exhaustion requirement 'applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes.'" *Fauconier v. Clarke*, 966 F.3d 265, 274 (4th Cir. 2020) (quoting *Porter v. Nussle*, 534 U.S. 516, 532 (2002)). To satisfy the requirement, the inmate must comply with the procedures and deadlines that are part of the prison grievance process. *See Woodford*, 548 U.S. at 95.

The grievance policy applicable at the time Plaintiff filed his grievances defines "Exhaustion" as "Submitting an accepted grievance and properly appealing an accepted grievance fully and receiving a final response thereto by the Commissioner [of the West Virginia Division of Corrections and Rehabilitation]." (ECF No. 28-1 at 3.) The grievance form Plaintiff has provided reflects that on September 30, 2020, he submitted a grievance requesting that his cellmate's colostomy bag be changed "when needed and in a sanitary place." (ECF No. 5 at 5.) Plaintiff received a response from the Director of Inmate Services at his facility, which he acknowledged by signing the grievance form on October 2, 2020, but there is no indication that he pursued a further appeal to the facility's Superintendent, let alone the Commissioner. (*Id.*) Because he did not appeal the grievance until he received a response from the Commissioner, Plaintiff did not comply with the grievance policy. Accordingly, the undersigned **FINDS** that he did not properly exhaust his administrative remedies prior to filing this action.

4

> B. *Plaintiff has not shown that he suffered a physical injury as a result of Defendant's alleged conduct.*

Where, as in this case, an incarcerated plaintiff claims "mental or emotional injury suffered while in custody," he must also make "a prior showing of physical injury or the commission of a sexual act." 42 U.S.C. § 1997e(e). Plaintiff alleges in his complaint that "[t]his situation has caused [him] to lose [his] app[e]tite and lose weight." (ECF No. 5 at 1.) However, the only evidence presently before this Court demonstrates that between April 10, 2020, the date he was booked at the facility where he is incarcerated, and September 28, 2020, less than two weeks before he filed this action, Plaintiff gained two pounds. (ECF No. 13-1.) Defendant has also provided evidence that despite Plaintiff's claims that his "mental state is also [a]ffected" (ECF No. 5 at 1), he did not mention the allegations in his complaint while receiving mental health treatment (ECF No. 13-2). Therefore, the undersigned **FINDS** that Plaintiff has not established that he suffered any injury—physical or otherwise—caused by Defendant's alleged conduct.

> C. *Plaintiff has not shown that the alleged Eighth Amendment violation was caused by Defendant's policy or custom.*

Although it is a private corporation, Defendant is a state actor subject to 42 U.S.C. § 1983 in its provision of "health care services to inmates in West Virginia's regional jails." *Smith v. PrimeCare Med.*, No. 3:18-cv-01490, 2020 U.S. Dist. LEXIS 101415, at *15 (S.D.W. Va. May 19, 2020) (citing *West v. Atkins*, 487 U.S. 42, 54 (1998)). But "a private corporation is liable under § 1983 *only* when an official policy or custom of the corporation causes the alleged deprivation of federal rights." *Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 728 (4th Cir. 1999) (emphasis in original). Plaintiff has not

5

provided evidence of the existence of such a policy or custom. As such, the undersigned **FINDS** that he has not established a § 1983 claim against Defendant.

## IV. RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that Defendant's motion for summary judgment (ECF No. 13) be **GRANTED**.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days (filing of objections) and three (3) days (mailing) from the date of the filing of this Proposed Findings and Recommendation to file with the Clerk of this Court specific written objections identifying the portions of the Proposed Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Copies of any objections shall be provided to the opposing party or, if it is represented by counsel, to its counsel, and to Judge Chambers.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Fourth Circuit Court of Appeals. 28 U.S.C. § 636(b)(1); *see Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).

The Clerk is **DIRECTED** to file this Proposed Findings and Recommendation and to mail a copy of the same to Plaintiff and to transmit a copy to counsel of record.

    ENTER: July 20, 2021

Dwane L. Tinsley
United States Magistrate Judge