IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

GUY WAMSLEY,

              Plaintiff,

v.                                 CIVIL ACTION NO.   3:20-0663

PRIME CARE/MEDICAL STAFF,

              Defendant.

## MEMORANDUM OPINION AND ORDER

This action was referred to the Honorable Dwane L. Tinsley, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge has submitted Proposed Findings and Recommendation ("PF&R") (ECF No. 29) and recommends that Defendant PrimeCare Medical's ("Defendant") Motion for Summary Judgment (ECF No. 13) be granted on the grounds that: 1) Plaintiff Guy Wamsley ("Plaintiff") failed to properly exhaust administrative remedies prior to bringing this action; and 2) Plaintiff did not show that the alleged Eighth Amendment violation was caused by Defendant's policy or custom. ECF No. 29, at 3–6.

On August 5, 2021, Plaintiff filed an objection to the finding that he failed to exhaust administrative remedies and requested counsel (ECF No. 31). Plaintiff asserts that he went through the proper administrative remedies by filing a grievance form. ECF No. 31, at 1. Plaintiff also attaches a copy of a grievance form dated September 29, 2020. *Id.* at 2. For the following reasons, the Court **DENIES** Plaintiff's objection and **DENIES** Plaintiff's request for counsel. The Court

also **ADOPTS** the Magistrate Judge's PF&R and **GRANTS** Defendant's Motion for Summary Judgment.

## BACKGROUND

Plaintiff brought this action against Defendant pursuant to 42 U.S.C. § 1983 alleging that Defendant failed to properly address the medical needs of his cellmate, who wears a colostomy bag. ECF No. 5, at 1. Plaintiff claims that this resulted in unsanitary cell conditions that caused him to lose his appetite and to lose weight. *Id.* These conditions also affected his mental health. *Id.*

On February 22, 2021, Defendant filed an amended motion to dismiss and alternative motion for summary judgment. ECF No. 13. Although Plaintiff requested an extension of time to respond to the motion to dismiss (ECF No. 24), which was granted, Plaintiff never responded to Defendant's motion. Magistrate Judge Tinsley submitted the PF&R regarding Defendant's amended motion to dismiss and alternative motion for summary judgement on July 20, 2021, to which Plaintiff currently objects.

## LEGAL STANDARD

First, it is important to note that where a party proceeds *pro se*, as is the case here, any "document filed… is to be 'liberally construed.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, the Court cannot step into the role of an advocate and will not construct Plaintiff's legal arguments for him. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

This Court conducts a de novo review of those specific portions of the Magistrate Judge's PF&R to which a party objects. 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify,

in whole or in part, the findings or recommendations made by the magistrate judge."); *see also* Fed. R. Civ. P. 72(b). The Court, however, is not required to review the factual or legal conclusions of the Magistrate Judge to which no objections are made. *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

## DISCUSSION

Plaintiff's sole objection to the PF&R relates to Magistrate Judge Tinsley's finding that he failed to properly exhaust administrative remedies prior to bringing this action. It appears that Plaintiff fundamentally misunderstands the basis of the finding.

Plaintiff asserts that Magistrate Judge Tinsley incorrectly found that he did not file a grievance form. ECF No. 31, at 1. This assertion does not accurately reflect the substance of the findings in the PF&R. In fact, Magistrate Judge Tinsley specifically acknowledges the grievance form that Plaintiff submitted on September 30, 2020. ECF No. 29, at 4. The Magistrate Judge further addresses the fact that Plaintiff received a response to his grievance, which he signed on October 2, 2020, but that Plaintiff failed to take any further action to appeal this decision. *Id.* As noted in the PF&R, to exhaust his administrative remedies, the applicable grievance policy required Plaintiff to: 1) submit an accepted grievance; 2) properly appeal the accepted grievance fully; and 3) receive a final response from the Commissioner of the West Virginia Division of Corrections and Rehabilitation. *Id.*; ECF No. 28-1, at 3. Because Plaintiff failed to appeal the response he received to his grievance, the Magistrate Judge correctly found that Plaintiff failed to exhaust his administrative remedies. For this reason, the Court must reject Plaintiff's objection.

## CONCLUSION

Accordingly, the Court **DENIES** Plaintiff's objection, and in light of this decision, **DENIES** Plaintiff's request for counsel. The Court **ADOPTS** the Magistrate Judge's Proposed

Findings and Recommendation, **GRANTS** Defendant's Motion for Summary Judgement, and **DISMISSES** this case from the docket of the Court.

The Court **DIRECTS** the Clerk to forward copies of this written opinion and order to all counsel of record, and any unrepresented parties.

ENTER: August 26, 2021

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE